UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOYCE L. DOWRIDGE,

    Plaintiff,

v.

NAVIENT,

    Defendant.
_____/

Case No. 16-cv-10327

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [3]
AND CANCELING HEARING SET FOR MAY 2, 2016**

### I. INTRODUCTION

On December 23, 2015, Joyce Dowridge ("Plaintiff"), pro se, commenced this action in Oakland County Circuit Court. Dkt. No. 1, p. 2 (Pg. ID No. 2). Plaintiff's Complaint brings a single count alleging that Navient Solutions, Inc. ("Defendant") violated the Fair Debt Collection Practice Act (FDCPA), 15 U.S.C. § 1692 *et seq*. Defendant removed the case to this Court on February 1, 2016. *See* Dkt. No. 1.

The matter is presently before the Court on Defendant's Motion to Dismiss [3], pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 3, p. 1 (Pg. ID No. 17). The motion was filed on February 8, 2016. *Id*. Plaintiff responded on

March 1, 2016 and amended her response on March 7, 2016. Dkt. No. 8, 9. Defendant replied on March 14, 2016. Dkt. No. 10.

Upon review of the briefing, the Court concludes that oral argument will not aid in the resolution of the instant motion. Accordingly, the Court will resolve Defendant's present motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed herein, the Court **GRANTS** Defendant's Motion to Dismiss [3].

## II. BACKGROUND

On January 15, 2007, February 14, 2007 and January 14, 2008, Plaintiff executed three student loan promissory notes. *See* Dkt. No. 3-6, 3-7, 3-8. The first two promissory notes were loans under the Federal Family Education Loan Program (FFELP). Dkt. No. 3-6, 3-7. The third was a private Signature Student Loan. Dkt. No. 3-8.

Plaintiff alleges Defendant began phoning her at her place of employment on or about July 28, 2015. Dkt. No. 1-1, p. 4 (Pg. ID No. 8). The calling occurred two to four times per day, every day, for five months between July to December 2015. *Id*. Plaintiff estimates that Defendant has called her place of employment 262 times during that five month period. *Id*. at 7.

Plaintiff requested in writing that Defendant stop calling her place of employment three times. *Id*. at 5. Plaintiff alleges that Defendant sent a letter stating that it would stop calling, but continued the practice. *Id*. Additionally,

Plaintiff alleges that she sent Defendant three letters requesting that the debt be validated by "sending a 'certified, notarized' copy of the original contact with Plaintiff's wet ink signature" to Plaintiff, along with a statement under penalty of perjury that Defendant is the holder of Plaintiff's debt. *Id.* Plaintiff also requested a ledger statement showing the full accounting of the debt that Defendant sought to collect. *Id.* at 6.

To date, Defendant allegedly has failed to send Plaintiff documentation validating the alleged debt, while continuing to consistently call Plaintiff at her place of employment. *Id.*

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a complaint must contain sufficient factual matter, accepted as

true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678–80 (2009) (applying the plausibility standard articulated in *Twombly*).

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of his or her factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). However, the Court need not accept mere conclusory statements or legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss, the Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## IV. DISCUSSION

### A. Whether Defendant Qualifies As A Debt Collector Under The FDCPA

Plaintiff's Complaint alleges that Defendant violated three provisions of the FDCPA. First, Plaintiff alleges that Defendant engaged in conduct that harassed,

oppressed, or abused her in connection with the collection of a debt, under 15 U.S.C. § 1692d(5), through its repeated calls to her place of employment. Dkt. No. 1-1, p. 4 (Pg. ID No. 8). Next, Plaintiff alleges that Defendant communicated with her, a consumer, in connection with the collection of a debt at her workplace, knowing or having reason to know that her workplace prohibited her from receiving such communication, a violation of 15 U.S.C. §1692c(a)(3). *Id.* at 5. And third, Plaintiff alleges that Defendant was required to cease collection of the debt until it obtained verification, after Plaintiff notified Defendant in writing that the debt was disputed within the specified thirty-day period, under 15 U.S.C. § 1692g(b). *Id.* These three statutory provisions only apply to "debt collectors," as defined by the FDCPA. *See* 15 U.S.C. §§ 1692d(5), 1692c(a)(3), 1692g(b).

Defendant disputes that it qualifies as a debt collector under the FDCPA. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This definition excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii).

Defendant asserts that Plaintiff failed to establish that Defendant is a debt collector. *See* Dkt. No. 3, p. 15 (Pg. ID No. 31) ("[A]s NSI is Plaintiff's loan servicer, it is beyond dispute that NSI obtained the debt at issue prior to any default by Plaintiff."). Instead, Defendant asserts that it cannot be labeled a debt collector since it is servicing Plaintiff's loans on its own behalf. *Id*. *See also* Dkt. No. 10, p. 3 (Pg. ID No. 241) (explaining that Defendant is collecting on its own behalf because it was created out of a corporate reorganization of Sallie Mae).

Plaintiff responds that she "believes that Defendant Navient Solutions, Inc. is a 'debt collector' and therefore falls under the law of the FDCPA" because the debt originated with Chase Bank, and was repurchased and consolidated, eventually being transferred to Navient from Sallie Mae. Dkt. No. 9, p. 2 (Pg. ID No. 210). Plaintiff offers no other proof or argument on the matter, other than her belief that Defendant qualifies as debt collector because it was not the original creditor.[1]

Another district court considering a FDCPA suit against Navient previously considered this issue. *See Levy-Tatum v. Navient & Sallie Mae Bank*, No. CV 15-

---

[1] Plaintiff also, puzzlingly, supplies the Court with statutory language from Michigan and other jurisdictions, regarding criminal sanctions for malicious use of services provided by telecommunications services providers. This Court does not have jurisdiction over state criminal actions, nor does Plaintiff have the right to bring a private suit to enforce a criminal statute.

3794, 2016 WL 75231 (E.D. Pa. Jan. 7, 2016). In *Levy-Tatum*, the court took judicial notice of the factual background of Sallie Mae's corporate reorganization, through which Navient Corporation was created and assumed all the responsibilities previously performed by Sallie Mae as a federal loan servicer. *Id*. at \*6. The court determined that Navient did not qualify as a debt collector. *See id*.

Subsequent suits against Defendant have also found that Defendant does not qualify as a debt collector under the FDCPA, based on reasoning similar to *Levy-Tatum*. *See Spyer v. Navient Sols., Inc.*, No. 15-3814 (NLH/JS), 2016 WL 1046789, at \*3 (D.N.J. Mar. 15, 2016) (finding that the defendant was not a debt collector under the FDCPA because it became the loan servicer—as Sallie Mae, prior to its name change—before the plaintiff's loan was in default); *Haysbert v. Navient Sols., Inc.*, No. CV 15-4144 PSG (EX), 2016 WL 890297, at \*12 (C.D. Cal. Mar. 8, 2016) (finding the defendant did not qualify as a debt collector under the FDCPA and granting the defendant summary judgment on those claims).

The Court agrees that Plaintiff has relied on conclusory legal assertions that Defendant is a debt collector, rather than provide any evidence or allegations that indicate Defendant acquired Plaintiff's debt after default or was servicing for another entity that possessed the debt. Accordingly, since the Court finds that Defendant does not qualify as a debt collector under the FDCPA, Plaintiff may not bring suit to enforce regulations applied solely to debt collectors.

## V. CONCLUSION

Accordingly, for the reasons discussed in detail above, the Court **GRANTS** Defendant's Motion to Dismiss [3]. **IT IS HEREBY ORDERED** that Plaintiff's Complaint [1] is **DISMISSED** with prejudice.

IT IS SO ORDERED.

Dated: April 21, 2016

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge